## Reddin *vs* Maddox.

APPEAL FROM THE MASON CIRCUIT.

*Written memorial of contracts.     Estoppel.     Evidence.
Damages.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

CASE.

*Case* 60.

*April* 16.

The case stated.

MADDOX and two others, being the joint owners of the Steam Boat *Hunter*, sold it to Reddin, each proprietor reciting, in his separate bill of sale, that he sold *all his interest in the boat, "being one third part."*

Maddox was keeping a bar in the boat, at the date of the sale, and a few days afterwards had it locked and the key taken away. Some months afterwards, he sued Reddin, in *Case*, for *disturbance* in an alleged bar, furnished, which he claimed as belonging to him, independently of his title to one third of the boat, and still retained by him, and also for the conversion of bottles, and other articles, owned by him in the bar of the boat; and having obtained a verdict and judgment for the alleged disturbance, as well as the conversion, the judgment is now complained of by Reddin as erroneous.

In our opinion the judgment is erroneous, and should be reversed, on two grounds.

1st. It seems to us that the Circuit Court erred in refusing to instruct the jury, that the written memorial of the contract was the highest and best evidence of the terms and effect of the sale of the boat to Reddin.

The written contract purports to sell and transfer all the interest Maddox had in the Steam Boat "Hunter," that interest "being one third." The privilege claimed as having been retained, was certainly an interest in the boat: but as it may not have depended, necessarily, on an ownership of the boat itself, the sale of the ownership merely might not have passed the independent privilege to Reddin, who would have taken the boat, as his vendors held it, subject to any franchise or other right therein, belonging to a stranger: but the privilege being

Written memorial of contract, best evidence of its terms & conclusive without proof of *fraud* or *mistake* therein.

Vol. I.                    25

in Maddox himself, the sale of all his "interest in the boat," would necessarily have included a sale of the privilege as well as the proprietorship; and such being the legal import and effect of such a sale, the testimony of witnesses, inconsistent therewith, would have been inadmissible. The sale, however, of "all the interest, being one third of the boat," implies that he sold only his ownership of the boat. But, nevertheless, as the written agreement, in thus reciting the sale, does not intimate that the interest sold was less than all he had, it seems to us that the sale of all his interest, described as being one third, is a constructive disavowal or renunciation of any other interest in the boat, than that of one third, and that, therefore, he is estopped to assert any other right, unless he can prove fraud or mistake in reducing the contract to writing.

*Written memorial of contract, purporting to convey "all the interest" of the party in the article (Steam Boat) "being 1 third," estops the vendor from afterwards asserting a right to a privilege to keep a bar therein—and testimony of witnesses, showing any such reservation, with out proof of fraud or mistake, is inadmissible.*

Moreover, we should rather presume, from the facts as exhibited in the record, that the privilege of the bar, accorded to Maddox by his co-partners in the boat, was not a permanent right, purchased by him, but a concession of the privilege of keeping a bar in the boat, as long as he might choose to do so, *whilst they continued to own the boat,* and that the sale of the boat by the whole of them, and of their interest therein, that is, one third each, merged and passed to the purchaser the right to control the bar or dispose of it as he might elect, or to abolish it altogether, nothing inconsistent with such consequential control and comprehensive proprietorship being reserved in the contract of sale as reduced to writing.

*One entitled to a franchise cannot recover damages for disturbance therein until demand and refusal.*

2d. We are also of the opinion, that if Reddin be liable at all for disturbance, the Circuit Judge erred in instructing the jury that he should be charged from the date of his lease of the boat to Keys; for even Keys could not have been liable for disturbance, until Maddox had manifested a desire to use the bar, and had been prevented. Had there been disturbance, it did not occur until demand and refusal, more than one month ofter the date of the lease of the boat by Reddin to Keys.

Wherefore, the judgment is reversed and the cause remanded for a new trial.

*Hord* for appellant: *Payne & Waller* for appellee.